UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAMIL KOLODZIEJCZYK<br><br>Plaintiff,<br><br>v.<br><br>NARRAGANSETT BAY INSURANCE COMPANY,<br><br>Defendant. | Docket No.: 2:20-CV-5251<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff KAMIL KOLODZIEJCZYK ("Plaintiff" or "Kolodziejczyk"), by and through his undersigned counsel, as and for his Verified Complaint against defendant NARRAGANSETT BAY INSURANCE COMPANY ("NBIC"), alleges, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. This is an action seeking a declaratory judgment and for breach of contract arising out of the failure of NBIC to honor its obligations under a homeowners insurance policy sold to Kolodziejczyk (the "Policy").

2. In May 2019, Plaintiff was named as a defendant in a lawsuit arising out of an accident where Kolodziejczyk, while riding a scooter, made contact with a pedestrian who was crossing the street (the "Accident").

3. Kolodziejczyk submitted a claim to NBIC seeking coverage under the Policy in connection with the Accident.

4. Without conducting a reasonable investigation, NBIC denied Kolodziejczyk's claim, asserting that there was no coverage available under the Policy based solely on the Policy's "Motor Vehicle Liability" Exclusion.

5. The "Motor Vehicle Liability" exclusion, however, is inapplicable because coverage is not excluded under the Policy for claims arising from "occurrences" involving the scooter Kolodziejczyk was riding at the time of the Accident.

6. NBIC's conduct, in denying coverage prior to conducting a reasonable investigation, constituted a gross disregard of Kolodziejczyk's interests while placing NBIC's interests above its insured.

## PARTIES

7. Plaintiff Kolodziejczyk was an is a resident of the State of New York, County of Suffolk.

8. Defendant NBIC is a foreign corporation, organized and existing under the laws of the State of Rhode Island, with its principal place of business located at 25 Maple Street, Pawtucket, Rhode Island.

## JURISDICTION AND VENUE

9. Jurisdiction in this Court is proper pursuant to 28 U.S.C.A §§ 1332 and 2201 because this action involves citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. The remedy of declaratory relief may be granted pursuant to 28 U.S.C. § 2201.

11. Venue is proper within this federal district under 28 U.S.C.A. § 1391 because the Policy that is the subject of this action was issued in this district.

12. An actual controversy exists between the parties regarding their respective rights and obligations under the Policy issued by NBIC.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

    **a. The Policy**

13. NBIC issued the Policy to Kolodziejczyk for the Policy Period of May 1, 2015 to May 1, 2016, Policy No 1545433.

14. The Policy had a $1 million limit of liability applicable to Coverage E – Personal Liability.

15. Coverage E of the Policy provides, in relevant part, as follows:

> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> 1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and
>
> 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate.

16. The Policy also includes the following exclusion:

> A. "Motor Vehicle Liability"
>
> 1. Coverages E and F do not apply to any "motor vehicle liability" if, at the time and place of an "occurrence", the involved "motor vehicle":
>
>    a. Is registered for use on public roads or property;
>
>    b. Is not registered for use on public roads or property, but such registration is required by law, or regulation issued by a government agency, for it to be used at the placed of the "occurrence"[.]

### a. The Accident and NBIC's Denial of Coverage

17. The Accident occurred on September 12, 2016 when Kolodziejczyk made contact with a pedestrian who was crossing the street (the "Accident") while he was riding a scooter (the "Scooter") in New York, New York.

18. At the time of the Accident, the Scooter was not registered for use on public roads or property.

19. At the time of the Accident, the Scooter was not capable of being registered for use on public roads or property.

20. Kolodziejczyk advised NBIC of the Accident and sought coverage under the Policy for defense and indemnity in connection with the Accident.

21. By correspondence dated April 10, 2019 (the "Denial Letter"), NBIC denied coverage under the Policy in connection with the Accident.

22. The Denial Letter concedes that the accident triggers coverage under the Policy. The Denial Letter states, in relevant part:

> Because [underlying claimant] claims that you struck him when you were negligently operating a scooter at or near 18 West 33rd Street, in New York, New York, this claim is one for "bodily injury" against you arising our of "motor vehicle liability".

23. Although the Accident triggered coverage under the Policy, NBIC denied coverage under the "motor vehicle liability" exclusion of the Policy. The Denial Letter states, in relevant part, as follows:

> The scooter you were operating at the time of the alleged incident is apparently required to be registered with the State of New York for use on public roads and property. The "motor vehicle liability" exclusion therefore applies to preclude all coverage for this claim. We now deny all coverage for this claim on this basis.

24. NBIC did not provide any explanation as to why the Scooter was "apparently" required to be registered. Instead, NBIC summarily disclaimed coverage under the Policy.

    a. **The Underlying Action**

25. On May 3, 2019, Kolodziejczyk was named as a defendant in the lawsuit commenced an currently pending in the Supreme Court of the State of New York, County of New York captioned *Bernadette v. Kolodziejczyk*, Index No. 154584/2019 (the "Underlying Action").

26. NBIC is not providing a defense for Mr. Kolodziejczyk in the Underlying Action.

**FIRST CAUSE OF ACTION**
**<u>BREACH OF CONTRACT</u>**

27. Kolodziejczyk repeats and realleges paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. The Policy required NBIC to provide coverage for Kolodziejczyk in connection with the Accident, including but not limited to a defense in the Underlying Action.

29. NBIC conceded that the Accident triggerd coverage under the Policy, but coverage is excluded under the "Motor Vehicle Liability" exclusion of the Policy.

30. NBIC has disclaimed its coverage obligation under the Policy in connection with the Accident.

31. The "Motor Vehicle Liability" exclusion of the Policy is inapplicable to the Accident because the Scooter was not registered for use on public roads or property.

32. The "Motor Vehicle Liability" exclusion of the Policy is inapplicable to the Accident because, at the time of the Accident the Scooter was not required by law or regulation issued by a government agency to be registered for use on public roads or property.

33. According to the express terms of the "Motor Vehicle Liability" exclusion, it is inapplicable to the Accident.

34. Other than the "Motor Vehicle Liability" exclusion, the Denial Letter does not state any other grounds for disclaiming coverage under the Policy.

35. Kolodziejczyk requested coverage under the Policy, yet NBIC has failed to pay benefits due and owing under the Policy, including providing a defense in the Underlying Action, in violation of the express terms of the Policy.

36. As a result of NBIC's breach of its obligations under the Policy, Kolodziejczyk has suffered and continues to suffer both actual and consequential damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

37. Kolodziejczyk repeats and realleges paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38. New York law imposes on NBIC an implied covenant of good faith and fair dealing in the Policy.

39. NBIC has breached the implied covenant of good faith and fair dealing in many ways, including but in no way limited to one or more of the following ways: (a) by arbitrarily, and with reckless disregard for Kolodziejczyk rights, refusing to reasonably investigate the Accident, acknowledge coverage and effectuate prompt, fair, and equitable settlement of Kolodziejczyk's claim for coverage under the Policy; (b) knowingly or recklessly disregarding that it was acting unreasonably in failing to reasonably and adequately investigate Kolodziejczyk's claim and honor its obligations under the Policy; and (c) ignoring the express terms of the policy.

40. Kolodziejczyk has been damaged by NBIC's breach of the implied covenant of good faith and fair dealing in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### DECLARATORY RELIEF

41. Kolodziejczyk repeats and realleges paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. According to the express terms of the Policy, NBIC is required to defend and indemnify Kolodziejczyk in connection with the accident and the Underlying Action.

43. An actual and justiciable controversy has arisen and now exists between Kolodziejczyk and NBIC relating to their respective rights and obligations under the Policy.

44. Kolodziejczyk is entitled to a declaration that NBIC was, is now, and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms, and endorsements as set for in the Policy, must immediately defend Kolodziejczyk in the Underlying Action, and must reimburse Kolodziejczyk for all amounts incurred by Kolodziejczyk that are covered under the Policy.

**WHEREFORE**, Kolodziejczyk respectfully demands judgment against NBIC as follows:

(a) On the First Cause of Action: An award against NBIC of compensatory, direct and consequential damages in an amount to be determined at trial;

(b) On the Second Cause of Action: An award against NBIC of compensatory, direct, consequential, and punitive damages in an amount to be determined at trial;

(c) On the Third Cause of Action: A judicial declaration that NBIC was, is now, and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms, and endorsements as set forth in the Policy, must

immediately defend Kolodziejczyk in the Underlying Action, and must reimburse Kolodziejczyk for all amounts incurred by Kolodziejczyk that are covered under the Policy; and

(d) On all Causes of Action: (i) pre- and post-judgment interest; (ii) costs, disbursements and attorneys' fees; and (iii) such other and further relief as this Court deems just and proper.

## JURY DEMAND

Kolodziejczyk hereby demands a trial by jury of all issues triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: Melville, New York
October 30, 2020

/s/ *Todd D. Kremin*
Todd D. Kremin (TK0102)

**KREMIN LAW P.C.**
**Of Counsel to The Law Office of**
**Jeffrey Fox, PLLC**
1 Huntington Quadrangle, Ste 2C10
Melville, NY 11747
Tel.: 516.680.0998
Fax.: 516.977.8999
Email: tkremin@kreminlaw.com

*Counsel for Plaintiff*