UNITED STATES DISTRICT COURT
EASTERN DISTICT OF NEW YORK

------------------------------------------------------x

KAMIL KOLODZIEJCZYK,                         Case No.: 20-cv-5251 (JMA/ST)

                         Plaintiff,         <u>ANSWER</u>

   -against-

NARRAGANSETT BAY INSURANCE
COMPANY,

                        Defendant.

------------------------------------------------------x

Defendant Narragansett Bay Insurance Company ("NBIC"), by its undersigned counsel, Shearer PC, answers the allegations in plaintiff's complaint dated October 30, 2020 as follows and upon information and belief:

1.     Denies in the form alleged each and every allegation in paragraph 1 of the complaint.

2.     Upon information and belief, admits the allegations in paragraph 2 of the complaint.

3.     Denies in the form alleged each and every allegation in paragraph 3 of the complaint, but states that on or about March 21, 2019 plaintiff first notified NBIC of the September 12, 2016 incident.

4.     Denies each and every allegation in paragraph 4 of the complaint.

5.     Denies each and every allegation in paragraph 5 of the complaint.

6.     Denies each and every allegation in paragraph 6 of the complaint.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint.

8.      Denies in the form alleged each and every allegation in paragraph 8 of the complaint, but states NBIC is a foreign corporation formed and organized under the laws of the State of Rhode Island with a principal place of business located in Johnston, Rhode Island.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint, and refers all questions of law to the Court.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint, and refers all questions of law to the Court.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint, and refers all questions of law to the Court.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint, and refers all questions of law to the Court.

13.      Denies in the form alleged each and every allegation in paragraph 13 of the complaint, but states that it issued HO3 policy 154433 with effective dates of May 1, 2015 to May 1, 2016 to Kamil Kolodziejczk and Christina Lipski.

14.      Denies in the form alleged each and every allegation in paragraph 14 of the complaint, but states that the policy referenced in paragaph 13 of the complaint had a $1,000,000 limit of liability applicable to Coverage E-Personal Liability.

15.      Denies in the form alleged each and every allegation in paragraph 15 of the complaint, and refers the entire policy to the Court for interpretation thereof.

16.      Denies in the form alleged each and every allegation in paragraph 16 of the complaint, but states the policy contains a Motor Vehicle Liability exclusion in Section II-Liability Coverages and refers interpretation of the exclusion and the policy to the Court.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint.

19.     Upon information and belief, denies each and every allegation in paragraph 19 of the complaint.

20.     Denies in the form alleged each and every allegation in paragraph 20 of the complaint, but states that plaintiff first reported the accident on or about March 29, 2019, more than 2.5 years after the accident and in breach of relevant and material policy conditions to coverage.

21.     Admits the allegations in paragraph 21 of the complaint.

22.     Denies each and every allegation in paragraph 22 of the complaint.

23.     Denies in the form alleged each and every allegation in paragraph 23 of the complaint, but states that it issued a disclaimer of coverage letter to plaintiff and refers the Court to the content of that letter.

24.     Denies in the form alleged each and every allegation in paragraph 24 of the complaint, but states that it issued a disclaimer of coverage letter to plaintiff.

25.     Upon information and belief, admits the allegations in paragraph 25 of the complaint.

26.     Admits the allegations in paragraph 26 of the complaint.

27.     As and for its answer to the allegations in paragraph 27 of the complaint, NBIC repeats, reiterates and realleges its answers to paragraphs 1-26 herein as if stated in full.

28.     Denies each and every allegation in paragraph 28 of the complaint.

29.     Denies in the form alleged each and every allegation in paragraph 29 of the complaint, but states that it determined the loss was not covered under the relevant policy of insurance.

30.     Denies in the form alleged each and every allegation in paragraph 30 of the complaint,  but states that it determined the loss was not covered under the relevant policy of insurance.

31.     Denies in the form alleged each and every allegation in paragraph 31 of the complaint.

32.     Denies each and every allegation in paragraph 32 of the complaint.

33.     Denies each and every allegation in paragraph 33 of the complaint.

34.     Denies in the form alleged each and every allegation in paragraph 34 of the complaint.

35.     Denies each and every allegation in paragraph 35 of the complaint.

36.     Denies each and every allegation in paragraph 36 of the complaint.

37.     As and for its answer to the allegations in paragraph 37 of the complaint, NBIC repeats, reiterates and realleges its answers to paragraphs 1-36 herein as if stated in full.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the complaint, and refers all questions of law to the Court.

39.     Denies each and every allegation in paragraph 39 of the complaint.

40.     Denies each and every allegation in paragraph 40 of the complaint.

41.     As and for its answer to the allegations in paragraph 41 of the complaint, NBIC repeats, reiterates and realleges its answers to paragraphs 1-40 herein as if stated in full.

42.     Denies each and every allegation in paragraph 42 of the complaint.

43.     Denies in the form alleged each and every allegation in paragraph 43 of the complaint, and refers all questions of law to the Court.

44.     Denies each and every allegation in paragraph 44 of the complaint.

## DEFENSES

45.     Defendant NBIC denies each and every allegation in the complaint not expressly admitted herein.  Defendant further denies that plaintiff has sustained or will sustain injury or damage by reason of any act, omission, fault, or breach of contract on the part of or attributable to the defendant.  By alleging the defenses set forth below, defendant is not agreeing or conceding that it has the burden of proof on any of the issues raised in the defenses.  All defenses are pleaded in the alternative and are not an admission of liability or that plaintiff is entitled to any relief whatsoever.

## FIRST DEFENSE

46.     The complaint fails to state a claim upon which relief may be granted against NBIC.

## SECOND DEFENSE

47.     The complaint does not allege an actual controversy within the meaning of 22 U.S.C. § 2201.

## THIRD DEFENSE

48.     The policy alleged in the complaint was not in effect on the September 12, 2016 date of loss of the underlying accident.

## FOURTH DEFENSE

49.     Plaintiff's claims and the damages alleged in the complaint fall outside the scope of the relevant policy's insuring agreement and, therefore, are not and never were covered.

5

## FIFTH DEFENSE

50.     To the extent the relevant policy of insurance's insuring agreement contemplates coverage for the September 12, 2016 incident, coverage for the loss and damages claimed in the complaint was and is removed by application of one or more clear, specific, and unambiguous policy exclusions.

## SIXTH DEFENSE

51.     To the extent the relevant policy of insurance's insuring agreement contemplates coverage for the September 12, 2016 incident, the policy's Section II-Exclusions, Exclusion A. "Motor Vehicle Liability", acts to remove and exclude coverage, and any obligation NBIC would otherwise have to defend and indemnify the plaintiff in the personal injury action referenced in the complaint.

## SEVENTH DEFENSE

52.     To the extent the relevant policy of insurance's insuring agreement contemplates coverage for the September 12, 2016 incident, the policy's Section II-Exclusions, Exclusion E. Coverage E-Personal Liability and Coverage F-Medical Payments to Others, subsection 2. "Business", acts to remove and exclude coverage, and any obligation NBIC would otherwise have to defend and indemnify the plaintiff in the personal injury action referenced in the complaint.

## EIGHTH DEFENSE

53.     Plaintiff breached, violated, and/or otherwise failed to fully and strictly comply with conditions to coverage set forth in the relevant policy of insurance, and such failure to comply with a condition precedent to coverage voids coverage and NBIC's duty to defend and indemnify plaintiff against in the personal injury action referenced in the complaint.

### NINTH DEFENSE

54.     Plaintiff breached and violated the relevant policy's Section II-Conditions, Condition C. Duties After "Occurrence", in failing to provide prompt written notice to NBIC of the September 12, 2016 occurrence, including the "[r]easonably available information on the time, place and circumstances of the occurrence…" and "names and  addresses of any claimants and witnesses."

### TENTH DEFENSE

55.     Plaintiff's failure to comply with Section II-Conditions, Condidtion C. was a material breach of the policy and adversely and materially affected NBIC's ability to investigate the occurrence.

### ELEVENTH DEFENSE

56.     Plaintiff's failure to comply with Section II-Conditions, Condidtion C. was a material breach of the policy, adversely and materially affected NBIC's ability to investigate the occurrence, and caused substantial prejudice to NBIC.

### TWELFTH DEFENSE

57.     The relevant policy of insurance's Section II-Conditions, Condition F. Suit Against Us, prohibits any action against NBIC unless the insured has complied fully with all of the terms under Section II.

### THIRTEENTH DEFENSE

58.     The date of loss referenced in the complaint does not fall within the effective dates of the NBIC policy referenced in the complaint, and Section  II-Conditions, Condition I. Policy Period, provides that the policy only applies to "bodily injury" or "property damage" which occurs during the policy period.

FOURTEENTH DEFENSE

59.     To the extent the relevant policy of insurance contains an endorsement titled Special Provisions-New York, plaintiff breached, violated and/or otherwise failed to fully and strictly comply with that portion of the endorsement titled Section II-Conditions, Condition C. Duties After "Occurrence" in failing to provide prompt written notice to NBIC of the September 12, 2016 occurrence, including the "[r]easonably available information on the time, place and circumstances of the occurrence…" and "[n]ames and addresses of any claimants and witnesses." Plaintiff's breach of Section II-Conditions, Condition C. Duties After "Occurrence", as that specific condition is changed by the endorsement, was material and caused prejudice to NBIC sufficient to void coverage.

FIFTEENTH DEFENSE

60.     Plaintiff failed to provide notice of the September 12, 2016 accident to NBIC for a period of more than two years and, pursuant to New York's Insurance Law § 3420, plaintiff has the burden to prove that NBIC has not been prejudiced by plaintiff's failure to provide timely notice of the ocurrence in violation and breach of a relevant policy condition to coverage.

SIXTEENTH DEFENSE

61.     NBIC is entitled to the protections, benefits and any offsets provided by General Obligations Law § 15-108 for settlements by any tortfeasor before or after adjudication of liability.

SEVENTEENTH DEFENSE

62.     Any determined coverage under the relevant policy is excess to any other insurance policy providing coverage to the plaintiff.

8

## EIGHTEENTH DEFENSE

63.     Plaintiff's claims are barred in whole or in part by application of equitable doctrines of laches, waiver and/or estoppel and prejudice to NBIC caused thereby.

## NINETEENTH DEFENSE

64.     Any available coverage for the damages claimed in the complaint was and is removed by application of one or more clear, specific, and unambiguous policy exclusions, including but not limited to those exclusions set forth in the April 10, 2019 disclaimer of coverage letter issued by NBIC.

## TWENTIETH DEFENSE

65.     Any available coverage for the damages claimed in the complaint was and is removed by application of one or more clear, specific, and unambiguous policy exclusions, including but not limited to those exclusions set forth in the April 10, 2019 disclaimer of coverage letter issued by NBIC.

## TWENTY-FIRST DEFENSE

66.     NBIC's liability is limited to the limits of liability applicable to the relevant policy of insurance.

## TWENTY-SECOND DEFENSE

67.     Plaintiff has failed to join a necessary party under Rule 19 of the Federal Rules of Civil Procedure.

## TWENTY-THIRD DEFENSE

68.     NBIC denies that plaintiff's claims entitle him to a jury trial.

WHEREFORE, Defendant Narragansett Bay Insurance Company respectfully requests that the Court determine that defendant insurer is not obligated under the relevant policy of insurance

to defend and indemnify plaintiff in the underlying personal injury action, and direct that judgment be entered in favor of the defendant and dismissing the complaint with prejudice, with an award of the costs and disbursements of the action with permissible interest thereon.

Dated:  Locust Valley, New York
       January 21, 2021

Douglas Shearer (DS-2671)
Shearer PC
90 Forest Avenue
Locust Valley, New York 11560
(516) 750-8500
Doug@Shearerpc.com
*Attorneys for Narragansett Bay Ins. Co.*

TO:    Todd Kremin (TK-0102)
       Kremin Law P.C.
       1 Huntington Quadrangle, Suite 2C10
       Melville, New York 11747
       (516) 680-0998
       tkremin@kreminlaw.com
       *Attorneys for Plaintiff*